UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CONCHITA M. GARCIA,<br>ANTONIO L. GARCIA,<br><br>   Petitioners,<br><br>   v.<br><br>MICHAEL CHERTOFF, SECRETARY,<br>Department of Homeland Security, *et al*.<br><br>   Respondents. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 06-0640 (ESH)<br>)<br>)<br>)<br>)<br>)<br>) |

**RESPONDENTS' MOTION TO ESTABLISH
TIME OF SERVICE OR FOR AN EXTENSION
OF TIME TO FILE AN ANSWER OR OTHER RESPONSE
TO THE PETITION FOR WRIT OF MANDAMUS**

The Respondents, through counsel, the United States Attorney for the District of Columbia, respectfully move, pursuant to Federal Rule of Civil Procedure 4(l) to establish the time for service of the summons and petition for writ of mandamus or, in the alternative, move, pursuant to Fed. R. Civ. P. 6, for an extension of time to respond to the petition for a writ of mandamus, up to and including September 25, 2006, from June 12, 2006, when unbeknownst to the Civil Division of the Office of the United States Attorney for this District, a copy of the summons and complaint was served on an improper addressee and address. Counsel for Petitioners was not available when Counsel for the Respondent attempted to contact him to confer about this motion. As grounds for this motion, the Respondents submit the following.

The affidavit of service filed on behalf of the Petitioners on July 21, 2006, reflects that a copy of the petition for a writ of mandamus was addressed to the "United States Attorney" at the appropriate address. However, it was not sent to the civil process clerk or any one of the employees

designated to receive service on behalf of the Civil Division of the U.S. Attorney's Office.[1] Accordingly, it was not properly served. See May 25, 2005 Order in Jyachosky v. England, Civil Action No. 04-1734 (HHK) (Holding that service upon main justice mail room improper) (attached). Undersigned Counsel for the Respondents received notice about being assigned this case on August 3, 2006, while on leave, after receiving a telephone message from the Court. After returning on August 7, 2006, Counsel reviewed the Office's internal file for the case and determined that the earliest that any employee of this Office appeared to have notice about the case was on July 25, 2006. This Office has only an unofficial copy of the complaint, without summons, not an official, stamped copy that this Office typically receives for newly initiated civil actions. While it is not clear, it appears that this copy was downloaded electronically from the docket.

The Civil Division of this Office maintains an official record book of civil actions received. The undersigned reviewed that book dating from before April 13, 2006, when Petitioners assert that service was perfected, until the present. No entry appears for this case reflecting receipt of service by the Civil Division. Absent such proper service, the time for responsive action has not yet begun to run. See Fed. R. Civ. P. 12(a)(3)(A). Moreover, this Office has not had the opportunity to identify agency counsel and make informed, coordinated decisions about the viability of the civil action and the nature of any available defenses.

---

[1] Counsel for the Respondent researched the tracking number listed on the certified mail receipt filed by Petitioners on the U.S. Postal Service web site. The tracking information reflects that the package was delivered to "WASHINGTON, DC 20530" on April 13, 2006, at 5:43 am and "signed for by M PARRIS." "M PARRIS" is not an employee of the Civil Division of the U.S. Attorney's Office for the District of Columbia, but could be an employee of the U.S. Department of Justice mail room. "M PARRIS" is not a designated official to receive service of process for the United States Attorney, nor is the mail room for the Department of Justice headquarters building the proper address for receipt of service of process for the United States Attorney.

Accordingly, Respondents respectfully submit that Petitioner should be made to properly serve the United States Attorney's Office. Alternatively, Respondents should be given a full sixty days ordinarily available to the government to respond to a civil action. See Fed. R. Civ. P. 12(a)(3)(A). Respondents seek until sixty days after July 25, 2006, that is, up to and including September 25, 2006, to respond to the Petition for a Writ of Mandamus.

WHEREFORE, Respondents respectfully submit that this Motion to Establish Time of Service or for an Extension of Time to File an Answer or Other Response to the Petition for Writ of Mandamus should be granted.

Respectfully submitted,

_____/s/_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____/s/_____
OLIVER W. McDANIEL, D.C. Bar #377360
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 616-0739

August 7, 2006

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of August, 2006, I caused the foregoing Respondents' Motion to Establish Time of Service or for an Extension of Time to File an Answer or Other Response to the Petition for Writ of Mandamus, and proposed Order, to be served on Petitioner's Counsel, by the Electronic Case Filing system, or, if this means fails, then by mail, postage prepaid, addressed as follows:

Paul S. Allen, Esquire
Paul Shearman Allen & Associates
1329 18th Street, N.W.
Washington, D.C. 20036

/s/
OLIVER W. MCDANIEL, D.C. BAR # 377360
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 616-0739