UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BARBARA A. JYACHOSKY**, <br><br> Plaintiff, <br><br> v. <br><br> **GORDON ENGLAND**, Secretary, Department of the Navy, <br><br> Defendant. | Civil Action 04-01734 (HHK) |

ORDER

On October 12, 2004, Barbara A. Jyachosky ("Jyachosky") filed this action alleging that her employer, the Department of the Navy ("Navy"), discriminated against her on the basis of her sex, age, and national origin in violation of Title VII of the Civil Rights Act of 1964. On March 6, 2005, Jyachosky filed a motion for summary judgment on the grounds that the Navy failed to answer the complaint within sixty days as required by Rule 12(a)(3)(A) of the Federal Rules of Civil Procedure. After receiving an order from the court to respond to Jyachosky's motion, the Navy filed a motion to dismiss on April 8, 2005, asserting that Jyachosky failed to properly serve her complaint.

    Rule 4(i)(1) of the Federal Rules of Civil Procedure, in pertinent part, states that

    Service upon the United States shall be effected (A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court . . . .

A plaintiff must also send by registered or certified mail a copy of the summons and complaint to the United States Attorney General in Washington, DC. FED. R. CIV. P. 4(i)(1)(B). Pursuant to Federal Rule of Civil Procedure 4(m), "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court . . . shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time . . . ."

Jyachosky states that on October 14, 2004, she served process by delivery through a process server to three parties: the Navy, the United States Attorney General, and the United States Attorney for the District of Columbia. Pl.'s Opp'n. at 2.[1] Jyachosky then mailed copies of her papers to this court on October 20, 2004. *Id.* Despite Jyachosky's attempts, the Department of Justice Civil Division's Summons and Complaint Service Book does not indicate that Jyachosky served the United States Attorney for the District of Columbia. Def.'s Ex. C (Def.'s Mot. to Dismiss). Apparently, the process server delivered the summons and complaint intended for the United States Attorney for the District of Columbia to "Bill Vedders [sic] U.S. Justice Department Attorney General's Office." Return Serv. Aff. of Summons and Compl. to U.S. Att'y. Bill Vedder, then a mailroom employee at the Department of Justice's main building, was not authorized to receive service of civil actions on behalf of the United States Attorney for the District of Columbia. Def.'s Ex. A (Def.'s Mot. to Dismiss). Thus, it is clear that the Navy has not been properly served because Jyachosky failed to "deliver[] a copy of the summons and of the complaint to the [United States Attorney for the District of Columbia]." FED. R. CIV. P. 4(i)(1)(A).

---

[1] The full title of this document is "Memorandum of Points and Authorities in Support of Plaintiff's Combined Motion Not to Dismiss and Not to Oppose Summary Judgment."

For the aforementioned reasons, it is this 25th day of May, 2005, hereby

**ORDERED** that Jyachosky's motion for summary judgment is **DENIED**;

and it is further

**ORDERED** that the Navy's motion to dismiss is **DENIED** without prejudice;

and it is further

**ORDERED** that Jyachosky shall effect service of process and provide proof of such service as required by LCvR 5.3 within thirty days of the docketing of this order.

Henry H. Kennedy, Jr.
United States District Judge